**RECEIVED**

_0 1 / 15 / 08_

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA



# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| EFREN ESCOBAR-MENDOZA | CIVIL ACTION NO. 08-1747<br>SECTION P |
| VS. | JUDGE MINALDI |
| MICHAEL MUKASEY, ET AL. | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on June 3, 2008 by *pro se* petitioner Efren Escobar-Mendoza. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

On November 16, 2006, petitioner pled guilty as charged in the Middle District of Florida to conspiracy to distribute methamphetamine and to possession with intent to distribute methamphetamine. Thereafter, he was sentenced to concurrent 135-month prison terms. On December 3, 2007, his conviction was affirmed by the United States Eleventh Circuit Court of Appeals. *United States v. Mendoza*, 257 Fed. Appx. 204 (11th Cir. 2007) (unpublished).

On June 3, 2008, petitioner filed the instant petition for writ of *habeas corpus* in the District Court for the District of Columbia, entitled "Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus, and Request for Dismissal of Indictment and Conviction and Request for Declaratory Judgment" pursuant to 28 U.S.C. § 2241. Doc. 1. In the petition for *hebeas* relief, petitioner makes six arguments, which attack his charges, indictment, sentence and conviction:

1. That his arrest, charge, indictment, and conviction are void.

2. That the statutes under which he was charged, 21 U.S.C. §§ 841 and 846 were never enacted into law.

3. That the government acted in bad faith in charging him with violating these statutes.

4. That the statutes under which he was indicted, convicted, and sentenced were never enacted into positive law and are unconstitutional.

5. That 28 U.S.C. §§ 2241 and 2254 are unconstitutional.

6. That counsel rendered ineffective assistance of counsel.

On June 23, 2008, the District Court for the District of Columbia ordered the respondents to show cause why a Writ should not issue. Doc. 2. In response, the United States Attorney's Office in the District of Columbia filed a Motion to Transfer Case, arguing that because Petitioner claimed relief under 28 U.S.C. § 2241 the proper venue for the case is the Western District of Louisiana, where petitioner is confined. Doc. 6. The motion was granted on October 29, 2008 and the case was transferred to the United States District Court for the Western District of Louisiana. Doc. 11.

On December 29, 2008, the government filed a second Motion to Transfer, this time to the Middle District of Florida, arguing that the *habeas* petition at issue is, in fact, a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. As an alternative to transfer, the Government asks this court to dismiss because petitioner has stated no grounds for relief under 28 U.S.C. § 2241.

## Law and Analysis

The initial inquiry is whether petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, 28 U.S.C. § 2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *Id.* The *Warren* court noted: "To the extent that [petitioner] is challenging the factual correctness of the sentence enhancement, he has chosen the wrong mechanism for collateral attack. Section 2255 provides the primary means of collateral attack of a federal sentence. Section 2241, on the other hand, is the proper *habeas* remedy for challenging the execution of a sentence." *Id.* (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

In the instant case, it is clear that petitioner is challenging the legality of his conviction and sentence because he is challenging its legal foundation.[1] Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255.

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is

---

[1] To the extent that petitioner complains of ineffective assistance of counsel, it is due to counsel's failure to investigate the legal allegations made in petitioner's petition. Doc. 1-2, at 10.

3

inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner."). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Petitioner attacks the legality of his 135 month sentence. In essence, he contends that his sentence was imposed in violation of the Constitution and laws of the United States. Such claims are more properly raised in a Motion to Vacate filed pursuant to § 2255 as detailed above. However, petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or by a prior Motion to Vacate pursuant to 28 U.S.C. § 2255.

If the § 2255 savings clause is inapplicable, a § "2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a [§] 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, pursuant to *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), before the court may construe a petition filed under § 2241 as a § 2255 motion, it must first advise the petitioner of the restrictions on second or successive § 2255 motions and give the petitioner an opportunity to either consent to the reclassification or to withdraw his pleading. Such warnings apply where the petitioner has not previously sought relief under section 2255, as in the instant case. *Id.* at 384.

The court finds that in the instant case it would be more prudent to dismiss the petition than to reclassify it. A § 2255 motion must be filed in the court imposing the challenged conviction or sentence. 28 U.S.C. § 2255. Because petitioner is challenging his conviction in the Middle District

of Florida, this Court has no jurisdiction to entertain the merits of his claims. Further, the Fifth Circuit has specifically held that a § 2241 petition cannot be transferred by the district in which the petitioner is imprisoned to the sentencing district for consideration of the merits of a petitioner's claims. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001).

Should petitioner wish to make the arguments contained in the instant Application for Writ of *Habeas Corpus*, he should do so by a 28 U.S.C. § 2255 petition in the Middle District of Florida, where he was tried and sentenced.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this ___ day of _____, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE